SHEPARD, Chief Justice,
concurring in result.
I join in the decision to reverse and remand for a new trial, including Mag-werks' claim for breach of contract.
I do not embrace what my colleagues have to say about the standard under which a party may be sanctioned for raising novel legal claims during the course of a dispute. Here, the central legal issue has been: "What's the Indiana definition of the word 'collapse' in an insurance contract?" Our Court of Appeals called this a "question of first impression" and our Court acknowledges "a lack of Indiana precedent" and examines at some length both decisions in other jurisdictions and various scholarly works in the search for useful analysis.
In the end, the Court holds that sanctioning the party that raised this question of first impression is appropriate for two reasons: the participants to the dispute frequently used the word "collapse" and the jury found that the party who advanced the claim had no good faith reason for doing so. This merely declares a legal answer by repeating the question.
It also moves us some distance away from our previous position that courts ought not impose sanctions on litigants who advance novel and plausible legal contentions.